RECEIVED
IN LAKE CHARLES, LA

DEC 13 2009

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | **DOCKET NO. 2:05 CR 20186-0** |
| VS. | : | **JUDGE MINALDI** |
| SHAWN PHILLIP HARGER | : | **MAGISTRATE JUDGE WILSON** |

## MEMORANDUM RULING

Presently before the court are the defendant's objections to the Presentence Report ("PSR") prepared by the Probation Department.

The defendant corrects the sentencing date reflected on the PSR. This change was made by the Probation Department and does not affect the guideline computation. No ruling is required.

In objections 2, 5 and 7, the defendant objects to the amount of any drugs attributed to him that arise from his cooperation with law enforcement officials. There is no evidence of any agreement to cooperate prior to the December 29, 2005, *Kastigar* letter. The defendant also alleges that some of the drug amounts were counted twice. Probation asserts that they took extra care that this would not happen. There will be an evidentiary hearing to determine the proper amount of drugs attributable to the defendant.

The defendant corrects a typographical error in ¶8. This requires no ruling.

The defendant objects to any quantities derived from the debriefing of Jason Kay. Probation asserts that they did not use any quantities provided by Kay. This objection is overruled.

Harger then argues that he should not be assessed extra points as a leader/organizer of the

conspiracy. Again, he refers to his cooperation with law enforcement. The court cannot rule on this objection until evidence is introduced to support the claim of cooperation.

The defendant asserts that he could benefit from treatment. This will be noted for the record.

Lake Charles, Louisiana, this 12 day of December, 2006.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE