RECEIVED
IN LAKE CHARLES, LA

FEB 2 7 2008

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:05 CR 20186-001 |
| | | 07 CV 1835 |
| VS. | : | JUDGE MINALDI |
| SHAWN PHILLIP HARGER | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Presently before the court is a Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct a Sentence [doc. 298 ] filed by the defendant, Shawn Phillip Harger ("Harger"). The motion has been opposed by the Government and the defendant filed a Reply. This matter is fully briefed and ready for disposition.

In this §2255 motion, Harger argues that his counsel was ineffective in several ways:

1)      for permitting Harger to enter a guilty plea;

2)      for allowing the Government to violate the plea agreement;

3)      for failing to recognize that the Government had indicted Harger based upon his immunized statements and behavior; and

4)      for failing to file a direct appeal after being asked to do so.

### Procedural History

On August 10, 2005, a federal grand jury returned a five-count indictment against the defendant and seven other individuals. Harger was named in Counts One, Two, Three, and Five. (Rec.Doc. 1). Count One charged him with conspiracy to distribute ecstasy and to distribute more

than 500 grams of cocaine in violation of 21 U.S.C. §§ 846 and 841 (B)(1)(b).  Count Two charged him with possession with intent to distribute ecstasy on November 16, 2001, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).  Count Three charged him with possession of a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. §924(C)(1).  Count Five was a forfeiture count.

On March 30, 2006, Harger pleaded guilty to Counts One and Three pursuant to a written Plea Agreement. (Rec. Doc. 137-138).

On August 9, 2006, Harger filed a pro se motion to withdraw his guilty plea.  The court ordered this document removed from the record and instructed the defendant to file all motions through his attorney of record. (Rec. Docs. 180, 181, and 184).

On December 6, 2006, the government filed a "Motion to Reduce Sentence pursuant to U.S.S.G. §5k1.1" in recognition of substantial assistance to the Government.  On December 7, 2006, the Court granted the motion and set the matter for hearing to permit the parties to make a showing of the nature and extent of the assistance provided by the defendant.  (Rec. Doc. 224).

On December 13, 2006, Harger was sentenced to a term of 60 months imprisonment on Count One and to a term of 60 months imprisonment on Count Three.  These sentences were to run consecutively. (Rec. Doc. 233).  The mandatory statutory minimum sentence for Count Three was 60 months.  The advisory Guideline range was 135 to 168 months. (Presentence Report, ¶67).  The 60 month sentence received on Count One was a downward departure.

On November 6, 2007, the defendant filed the instant motion.

Facts

On November 15, 2001, Harger and Jennifer Browder traveled to Houston, Texas to purchase

2

cocaine and ecstasy from James Owens. The next day a vehicle driven by Harger was stopped as he and others were leaving a hotel that had been under surveillance. The defendant had just sold ecstasy tablets to Marty Nunez. When the vehicle was stopped, Harger informed officers that one of the passengers had dropped a gun in the center console of the vehicle. Cocaine and ecstasy were found in the car. A storage building rented to the defendant also contained ecstasy. Harger later admitted purchasing "multi kilo quantities of cocaine and ecstasy " in Houston. He and others distributed these drugs in the Calcasieu Parish area. (Guilty Plea transcript at pp. 20-21; PSR, ¶¶ 7-10; Stipulated Factual Basis for Guilty Plea).

Law and Analysis

" 'Relief under 28 U.S.C.§ 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.' "[1]

Collateral review is fundamentally different from and may not replace a direct appeal. [2] The issue of the voluntariness of Harger's confession is foreclosed by his unconditional guilty plea.[3] Harger's claim that his guilty plea is invalid may be reviewed in this collateral proceeding if he can establish that the constitutional error in his plea colloquy "has probably resulted in the conviction

---

[1]   *United States v. Segler,* 37 F.3d 1131, 1133 (5th Cir.1994) (quoting *United States v. Vaughn,* 955 F.2d 367, 368 (5th Cir.1992) (per curiam)).

[2]   *United States v. Frady,* 102 S.Ct. 1592-93 (1982).

[3]   *see United States v. Stewart,* 972 F.2d 216, 217-18 (8th Cir.1992) (defendant who unconditionally pleads guilty waives all nonjurisdictional defenses); *U.S. v. Brimmage,*16 Fed.Appx. 564, 565, 2001 WL 921488, **1 (C.A.8 (Mo. (C.A.8 (Mo.), 2001).

3

of one who is actually innocent."[4]   To establish actual innocence, Harger must demonstrate that,

" 'in light of all the evidence,'" "it is more likely than not that no reasonable juror would have

convicted him."[5]  Harger has failed to establish actual innocence.

Since Harger pleaded guilty, all non-jurisdictional defects in the proceedings are waived.

This waiver includes all claims of ineffective assistance of counsel except as the alleged

ineffectiveness relates to the voluntariness of his plea.[6] At the plea colloquy, the court asked Harger

whether he was being forced, pressured or induced in any way to enter his plea. He responded

negatively. Although his attestation to voluntariness is not an absolute bar to raising this claim,

Harger faces a heavy burden in proving that he is entitled to relief because such testimony in open

court carries a strong presumption of verity.[7]   The defendant has not presented any evidence to

refute his statements indicating voluntariness which were made during the plea colloquy.

Accordingly, the defendant's claims regarding the voluntariness of his guilty plea cannot be

considered in this action.

Evaluating whether counsel was ineffective is subject to the two-pronged test set forth in

*Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The test requires

first, "a showing that counsel made errors so serious that counsel was not functioning as the `counsel'

---

[4]     *Murray v. Carrier, supra,* at 496, 106 S.Ct., at 2649.

[5]     *Bousley v. U.S.*, 523 U.S. 614, 623, 118 S.Ct. 1604, 1611 (U.S., 1998);  *Schlup v. Delo,* 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995) (quoting Friendly, Is Innocence Irrelevant? Collateral Attack on Criminal Judgments, 38 U. Chi. L. Rev. 142, 160 (1970)).

[6]     *United States v. Glinsey,* 209 F.3d 386, 392 (5th Cir. 2000).

[7]     *See Blackledge v. Allison,* 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977).

guaranteed by the Sixth Amendment," and second, a showing that the deficient performance so prejudiced the defense that the defendant was deprived of a fair and reasonable trial.[8] The burden that *Strickland* poses on a defendant is severe.[9]

One way to satisfy the deficiency prong of the *Strickland* test is for the defendant to demonstrate that counsel's representation fell below an objective standard of reasonableness as measured by prevailing professional standards.[10] Given the almost infinite variety of trial techniques and strategies available to counsel, this court must be careful not to second guess legitimate strategic choices which may now, in retrospect, seem questionable or even unreasonable. The Fifth Circuit has stressed that, "great deference is given to counsel,`strongly presuming that counsel has exercised reasonable professional judgment.'"[11]

In evaluating counsel's alleged ineffective assistance "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding."[12] Rather, the defendant must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability

---

[8]. *Uresti v. Lynaugh*, 821 F.2d 1099, 1101 (5th Cir. 1987) (quoting *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064); *United States v. Gibson*, 985 F.2d 212, 215 (5th Cir. 1993).

[9]. *Proctor v. Butler*, 831 F.2d 1251, 1255 (5th Cir. 1987).

[10]. *Martin v. McCotter*, 798 F.2d 813, 816 (5th Cir. 1986), *cert. den.*, 107 S.Ct. 934, 479 U.S. 1056, 93 L.Ed.2d 985 (1987).

[11]. *Martin*, 796 F.2d at 816 (quoting *Lockart v. McCotter*, 782 F.2d 1275, 1279 (5th Cir. 1986), *cert. den.*, 479 U.S. 1030, 107 S.Ct. 873, 93 L.Ed.2d 827 (1987)).

[12]. *Strickland*, 466 U.S. at 693, 104 S.Ct at 2067.

sufficient to undermine such confidence in the outcome.[13]

Harger argues that his attorney was ineffective for allowing the Government to violate the plea agreement. Harger argues that his attorney should have insisted that the Government file a motion that would have allowed the Court to depart below the statutory minimum. The Government filed a §5K1.1 motion for downward departure based upon substantial assistance and Harger received a downward departure at sentencing. The Government did not file for a departure pursuant to 18 U.S.C. §3553(e), which would permit the court to impose a sentence below the statutory minimum.

After sentencing, the Government could have file a Rule 35 motion which would have also permitted the court to sentence below the statutory minimum. The Court advised Harger that a Rule 35 motion was a possibility, but such a motion was not subsequently filed and the Government's failure to file a Rule 35 motion is generally non-reviewable.[14] There were two exceptions to this rule provided in *United States v. Solis*.[15] A court may review the Government's refusal to move for a downward departure if the refusal is based upon an unconstitutional motive and the Government may bargain away its discretion under the terms of a plea agreement.[16] Neither of these exceptions is present in the case at bar. There is no evidence of an unconstitutional motive. Neither did the Government promise in the Plea Agreement to file for a departure pursuant to §3553(e).

---

[13]. *Strickland*, 466 U.S. at 694, 104 S.Ct at 2068.

[14] *Wade v. United States*, 112 S.Ct. 1840, 1843-1844 (1992).

[15] 169 F.3d 224, at 227 (5th Cir. 1999).

[16] *Solis* at 227.

6

Accordingly, the Government did not breach the terms of the Plea Agreement.

Harger further contends that his attorney was ineffective for failing to recognize that the defendant had been indicted on the basis of "immunized statements and behavior." (Defendant's Memorandum, p. 8). The objections to the Presentence Report indicate, however, that the attorney did argue that the defendant should not be held accountable for conduct associated with his voluntary cooperation with the Government.  This objection was overruled and the court's ruling points out that there was no immunity agreement until December 29, 2005.  The indictment encompasses conduct between 2000 and 2002.

The defendant also argues that his attorney was ineffective for failing to realize that the defendant was under the influence of "hallucinogenic prescribed medications."  There is absolutely no indication of impairment in the record.  At the guilty plea the court asked the defendant, while under oath, if he was under the influence of drugs or alcohol at the time and he said that he was not.[17] Harger indicated in his interview with Probation that he had not taken any drugs since his arrest on November 16, 2001.[18]

Harger claims that his attorney did not advise him that the sentence on the gun charge would run consecutive to the drug count.  The record disputes this and shows that his attorney and the court advised him of this fact.[19]

The defendant argues that his counsel was ineffective for allowing him to plead guilty to the

---

[17]   Guilty Plea transcript, p. 7.

[18]   Presentence Report, ¶60.

[19]   Guilty Plea Transcript, pp. 8, 14-15, and Affidavit of Undertsanding of Maximum Penalty.

gun charge when he had no knowledge of the gun. The record demonstrates differently. His attorney discussed with him what "possess" means under the law.  Harger said that the gun was not his, but he acknowledge "possessing" it.[20]

Harger further argues that he lost his right to appeal as a result of his attorney's actions. In *Roe v. Flores-Ortega*[21] the Supreme Court opined that courts must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct,"[22] and "[j]udicial scrutiny of counsel's performance must be highly deferential."[23] A lawyer who disregards a defendant's specific instructions to file a notice of appeal acts in a professionally unreasonable manner,[24] while a defendant who explicitly tells his attorney not to file an appeal cannot later complain that, by following those instructions, his counsel performed deficiently.[25] The question of whether counsel has performed deficiently is best answered by first asking whether counsel in fact consulted with the defendant about an appeal.  By "consult," the Court in *Flores-Ortega* meant "advising the defendant about the advantages and disadvantages of taking an appeal and making a reasonable effort to discover the defendant's wishes. Counsel who consults with the defendant performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions about an appeal." If counsel has not consulted, the court must ask whether that

---

[20]   Guilty Plea Transcript, p. 10.

[21]   528 U.S. 470, 470-472, 120 S.Ct. 1029,1031 - 1032 (U.S., 2000).

[22]   466 U.S., at 690, 104 S.Ct. 2052.

[23]   Id., at 689, 104 S.Ct. 2052.

[24]   See *Rodriquez v. United States*, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340.

[25]   See *Jones v. Barnes*, 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987.

failure itself constitutes deficient performance.

The court in *Flores-Ortega* further reasoned that "Counsel has a constitutionally imposed duty to consult, however, only when there is reason to think either (1) that a rational defendant would want to appeal, or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known."[26]

One highly relevant factor will be whether the conviction follows a trial or a guilty plea, because a plea both reduces the scope of potentially appealable issues and may indicate that the defendant seeks an end to judicial proceedings. Even then, a court must consider such factors as whether the defendant received the sentence bargained for and whether the plea expressly reserved or waived some or all appeal rights. [27]

The second part of the *Strickland* test requires the defendant to show prejudice from counsel's deficient performance. Where an ineffective assistance of counsel claim involves counsel's performance during the course of a legal proceeding, the Court normally applies a strong presumption of reliability to the proceeding, requiring a defendant to overcome that presumption by demonstrating that attorney errors actually had an adverse effect on the defense. The complete denial of counsel during a critical stage of a judicial proceeding, however, mandates a presumption of prejudice because "the adversary process itself" has been rendered "presumptively unreliable."[28]

---

[26]   *Flores-Ortega* at 1031.

[27]   *Flores-Ortega* at 1034-1037.

[28]   *United States v. Cronic*, 466 U.S. 648, 659, 104 S.Ct. 2039, 80 L.Ed.2d 657.

Harger claims that his counsel's deficient performance led to the forfeiture of his appeal. If that is so, prejudice must be presumed. Because Harger must also show that counsel's deficient performance actually deprived him of an appeal, however, he must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed.[29]  The question of whether a defendant has made the requisite showing turns on the facts of the particular case. Nonetheless, evidence that there were nonfrivolous grounds for appeal or that the defendant promptly expressed a desire to appeal will often be highly relevant in making this determination. Harger has not established a nonfrivolous ground for appeal.

Harger has alleged that he requested that an appeal be filed. The correspondence between the defendant and his attorney indicate otherwise. There is no evidence that the defendant requested that a direct appeal be filed.  In the letter dated December 18, 2006, his attorney wrote "In Court the Judge discussed your right to appeal as I had previously discussed with you." The attorney attached information regarding the appeal process. Neither that letter nor subsequent correspondence indicate that the defendant ever requested that an appeal be filed.  Accordingly, the attorney was not ineffective for failing to file a notice of appeal.

For the foregoing reasons, the defendant's §2255 Motion will be denied.

Lake Charles, Louisiana, this ~~27~~ day of February, 2008.

PATRICIA MINALDI
UNITED   STATES   DISTRICT   JUDGE

---

[29]   This standard follows the pattern established in *Strickland* and *Cronic*, and mirrors the prejudice inquiry applied in *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203, and *Rodriquez v. United States*, *supra*.