RECEIVED
IN LAKE CHARLES, LA.
OCT 13 2010
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **DOCKET NO. 2:05 CR 20186-001** |
| VS. | : | JUDGE MINALDI |
| **SHAWN PHILLIP HARGER** | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Presently before the court is a Motion to Alter or Amend Judgment [doc. 361] pursuant to Fed.R.Civ.P. 59(e) filed by the defendant, Shawn Harger.

A district court may grant relief under Rule 59(e)(1) if an intervening change in controlling law occurs; if new evidence becomes available; or to correct a clear error of law or prevent manifest injustice. *See In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir.2002). Motions under Rule 59(e) "cannot be used to raise arguments which could, and should, have been made before judgment issued." *Elementis Chromium L.P. v. Coastal States Petroleum Co.*, 450 F.3d 607, 610 (5th Cir.2006) (citation omitted). A district court has "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *McGillivray v. Countrywide Home Loans, Inc.*, 360 Fed.App'x. 533, 537 (5th Cir. 2010); *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir.1995) (citations omitted).

Harger filed a §2255 motion. This court denied the motion and denied a Certificate of Appealability. The Fifth Circuit remanded the case for an evidentiary hearing. An evidentiary hearing was held on March 11, 2010. At the conclusion of the evidence, this court found that Harger

made no request for an appeal and denied the §2255 motion. Harger is now arguing that the court erred in it's findings of fact and conclusions of law. A disagreement with the outcome of the court's opinion is not the proper basis for a motion for reconsideration. *See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir.1999); *Geatti v. AT & T,* 232 Fed.App'x. 101, 104 (3rd Cir. 2007).

Harger argues that the court's conclusion were based on an incomplete record. This "incompleteness" was the result of evidentiary rulings and credibility determinations made by the court. The affidavit that Harger seeks to have this court consider contains information that is not new and which was, in fact, presented through Harger's testimony. Harger has not established a clear error of law or manifest injustice. Accordingly, this motion will be denied.

Lake Charles, Louisiana, this 27 day of Sept, 2010.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE